# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 17 2019, 10:28 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark A. Bates
Schererville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In Re the Marriage of:

Rosalia Mayagoita Fragoso,

*Appellant-Respondent,*

    and

Fidel Medina Avila,

*Appellee-Petitioner*

October 17, 2019

Court of Appeals Case No.
19A-DR-1195

Appeal from the Lake Superior Court

The Honorable Calvin D. Hawkins, Judge

Trial Court Cause No.
281-1614

**Baker, Judge.**

[1] Rosalia Mayagoita Fragoso appeals the trial court's order denying her motion to set aside the decree of dissolution of her marriage to Fidel Avila. Fragoso argues that the dissolution court lacked personal jurisdiction over her because of insufficient service of process and notice. Finding no error, we affirm.

## Facts

[2] Fragoso and Avila were married in June 1980 and separated in March 1981. On November 18, 1981, Avila filed a petition to dissolve the marriage. Attached to the petition was an affidavit regarding Avila's attempts to provide notice of the petition to Fragoso:

> . . . I have not seen her nor have I been able to communicate with her since August of 1981 and I have been [sic] countless efforts to determine her whereabouts but said efforts have been futile, said efforts have led him [sic] to obtain information from reliable sources that have given me enough knowledge to form a sincere belief that she is no longer residing in the State of Indiana and that she has not been residing in Indiana for several months.

> The purpose of this affidavit is to establish that I do not know the whereabouts of my wife and that I have signed a petition to dissolve our marriage and therefore, I request that the Court order the Clerk of this Court to give her notice by Publication.

Appellant's App. Vol. II p. 8. A notice to non-resident was then published in November 1981 in the *Lowell Tribune*, a public weekly newspaper. On April 8, 1982, the trial court granted Avila's petition and dissolved the marriage.

[3] Meanwhile, Fragoso claims that she left Indiana and relocated to Mexico in July 1981—she also avers that Avila purchased the bus tickets to Mexico for her and her daughters. She believed that he "sent [her] to Mexico to see if things [in the marriage] could be resolved." Tr. Vol. II p. 9. According to Fragoso, Avila knew where she was and she had contact with him multiple times over the years, but he never told her that they were divorced, and she continued to believe that they were married.

[4] On June 8, 2018, Avila died. After Fragoso learned of his death, she contacted the Social Security Administration and learned about the divorce for the first time. On February 7, 2019, she filed a motion to set aside the default dissolution decree based on lack of sufficient notice and service and lack of personal jurisdiction. Following a hearing, the trial court denied Fragoso's motion on March 20, 2019, finding, in pertinent part, as follows:

> 6. That at no point in [Fragoso's] testimony did she state that she informed [Avila] of her exact whereabouts other than to say that [Avila] knew where she was in Mexico.
>
> 7. That there was no other testimony to corroborate that of [Fragoso].
>
> 8. That [Fragoso's] credibility was suspect in that she was unsure of certain dates and seemingly only became involved in the herein cause when she learned that [Avila] died sometime in 2018; in fact, the herein proceeding marked [Fragoso's] first time back to Lake County, Indiana since she left in 1981.

9. That the dissolution decree was granted more than thirty-six years ago and without more than [Fragoso's] mere testimony, albeit lacking in substance, the Court denies [Fragoso's] Motion to Set Aside Judgment.

Appealed Order p. 2. Fragoso subsequently filed a motion to correct error, which the trial court denied. She now appeals.

# Discussion and Decision

[5] Fragoso argues that the dissolution decree should be dismissed because the trial court lacked personal jurisdiction over her due to inadequate service of process. *See Yoder v. Colonial Nat'l Mortg.*, 920 N.E.2d 798, 801 (Ind. Ct. App. 2010) (holding that the trial court has no personal jurisdiction over a party if service of process was inadequate and that any default judgment rendered without personal jurisdiction is void). While the existence of personal jurisdiction over a defendant is a question of law to which we apply a de novo standard of review, to the extent the trial court makes finding of facts based on in-court testimony, we review those findings for clear error. *Munster v. Groce*, 829 N.E.2d 52, 57 (Ind. Ct. App. 2005). The party arguing that there is a lack of personal jurisdiction bears the burden of proving that claim by a preponderance of the evidence. *Id.*

[6] Indiana Trial Rule 4.13(A) provides that if a party seeks to serve notice by publication, that party must submit the request "along with supporting affidavits that diligent search has been made that the defendant cannot be found, has concealed his whereabouts, or has left the state . . . ." Fragoso

argues that the affidavit submitted by Avila is insufficiently detailed to meet this standard.

[7] We acknowledge that the affidavit does not contain a wealth of detail, but find that what it does contain is enough. Specifically, Avila attested that he had "not seen" or "been able to communicate" with Fragoso for months, that he had made "countless efforts to determine her whereabouts but said efforts have been futile," and that as a result of those efforts, he had "obtain[ed] information from reliable sources" that "she is no longer residing in the State of Indiana and that she has not been residing in Indiana for several months." Appellant's App. Vol. II p. 8. Obviously, as Avila is no longer living, he cannot provide more details than are contained in the affidavit, but we find that the content of the affidavit meets the requirements of Trial Rule 4.13(A). Therefore, service was sufficient and the trial court did not lack personal jurisdiction over Fragoso.

[8] To the extent that Fragoso directs our attention to her own testimony at the hearing on her motion to set aside the dissolution decree, she is arguing that her own testimony should be credited over Avila's affidavit. But the trial court specifically found that Fragoso was not a credible witness, and we decline to second-guess this assessment. Therefore, the trial court did not err by denying her motion to set aside the dissolution decree.

[9] The judgment of the trial court is affirmed.

Crone, J., concurs.
Kirsch, J., dissents with a separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

In Re the Marriage of:

Rosalia Mayagoita Fragoso,

*Appellant-Respondent,*

and

Fidel Medina Avila,

*Appellee-Petitioner*

Court of Appeals Case No.
19A-DR-1195

**Kirsch, Judge,** *dissenting.*

I respectfully dissent.

The evidence in the record before us is uncontroverted and leads to the singular conclusion that in November of 1981 Fidel Medina Avila committed a fraud on the court in stating that he did not know the whereabouts of his wife, Rosalia Mayagoita Fragoso. Because of this fraud, Fragoso did not receive notice that her husband had commenced the dissolution proceedings, and the trial court did not acquire personal jurisdiction necessary for it to issue its dissolution

decree. I would reverse the trial court's ruling and remand with instructions that it vacate the dissolution decree.